JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8547 PA (MRWx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | James Able v. Los Angeles Times Communications, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed on October 14, 2011 by defendants Los Angeles Times Communications, Johnny Walker, Samuel Park, and Bill Delgado ("Defendants"). (Docket No. 1.) Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff James Abel ("Plaintiff") based on the Court's federal question jurisdiction. See 28 U.S.C. § 1331.

    The Complaint, originally filed in the Los Angeles Superior Court, alleges twelve claims arising out of Plaintiff's employment with the Los Angeles Times and his subsequent termination while on leave due to an industrial injury. One claim is for violation of "the Family Medical Leave Act/California Family Rights Act." It is upon this claim that Defendants allege federal question jurisdiction.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Thus, a plaintiff is generally the "master of the claim." Id. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8547 PA (MRWx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | James Able v. Los Angeles Times Communications, et al. | | |

only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." Id. at 9-10, 103 S. Ct. at 2846. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Id. at 9, 103 S. Ct. at 2846. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. Id. at 318, 125 S. Ct. at 2370; Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 811-12, 106 S. Ct. 3229, 3233-34, 92 L. Ed. 2d 650 (1986). Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. Merrell Dow, 478 U.S. at 811-12, 106 S. Ct. at 3233-34. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

Here, Defendants' Notice of Removal alleges that federal question jurisdiction exists because "Plaintiff's Complaint included a claim for an alleged violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611 et seq." (Notice of Removal ¶ 5.)

While Plaintiff's fifth cause of action is for "Violation of the Family Medical Leave Act/California Family Rights Act," the Complaint states specifically that the claim is for "Violation of CA Gov Code Sec. 12945.2 et seq." The Complaint never cites 29 U.S.C. § 2611 or any other federal statute. Thus, the Court finds that the Complaint's fifth cause of action alleges only a violation of the California Family Rights Act, not its federal counterpart. The Complaint therefore does not "necessarily turn" on or otherwise present a substantial federal issue. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this matter on the basis of a federal question.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8547 PA (MRWx) | Date | October 24, 2011 |
|---|---|---|---|
| Title | James Able v. Los Angeles Times Communications, et al. | | |

**Conclusion**

     Defendants have failed to meet their burden to demonstrate the Court's federal question jurisdiction.  Accordingly, the Court remands this action to the Los Angeles Superior Court, Case No. BC 459453.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.